UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ZAHARAH T AL TAEE                                                                    MOVANT

v.                                     MISCELLANEOUS ACTION NO. 3:07MC-13-S

KENTUCKY BUREAU OF VITAL STATISTICS                              RESPONDENT

**MEMORANDUM OPINION**

The movant, Zaharah T Al Taee, initiated this action by filing a document styled "Motion for Modification of Public Records." The movant asks this Court to issue an order changing the movant's name on the movant's children's birth certificates. The movant explains, "My names change, when I became a naturalized citizen. I would like to change my name on my baby birth certificate."

It is axiomatic that federal district courts are courts of limited jurisdiction. "As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). The movant fails to identify this Court's subject matter jurisdiction. In asking this Court to compel a state agency to modify public records, however, the movant is effectively seeking mandamus relief, and the Court construes the action accordingly.

Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The movant, however, does not ask this Court to compel any officer, employee, or agency of the *United States* to perform any duty owed him. Rather, the movant asks this federal Court to compel a *state* agency, the Kentucky Bureau

of Vital Statistics,[1] to modify its public records in accordance with state law.  *See* KY. REV. STAT. ANN. § 213.021 ("The Cabinet for Health and Family Services shall adopt administrative regulations pursuant to KRS Chapter 13A for the purpose of carrying out the provisions of [the Vital Statistics chapter, Chapter 213]");  KY. REV. STAT. ANN. § 213.121(1) ("A certificate or report registered under [the Vital Statistics chapter, Chapter 213] may be amended only in accordance with this section and administrative regulations adopted by the cabinet to protect the integrity and accuracy of vital records.").  Federal mandamus relief is not proper in this circumstance.  To be sure, "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."  *Pennhurst State School & Hospital, v. Halderman*, 465 U.S. 89, 106 (1984).  The Court therefore lacks subject matter jurisdiction over the movant's request for mandamus relief.

Alternatively, even if jurisdiction were proper, "the writ will issue only in extraordinary circumstances," *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976), and "the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires."  *Id.*; *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus . . . is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.").

Here, the movant has failed to demonstrate that there is no other adequate state remedy, such as filing with the Bureau of Vital Statistics a request for amendment of the movant's children's birth certificates and supplying the Bureau with both this Court's order changing the

---

[1]*See* KY. REV. STAT. ANN. § 213.016 ("There shall be established in the Department for Public Health, Cabinet for Health and Family Services, a vital statistics program which shall maintain and operate the only official system of vital statistics in the Commonwealth.").

movant's name and an affidavit supporting the request for amendment of the movant's children's birth certificate. *See*, *e.g.*, 901 KY. ADMIN. REGS. 5:070 Section 4 ("A change of name ordered by a court of competent jurisdiction shall be required to change the name as shown on the birth certificate, unless the registrant, parents, legal guardian, or individual responsible for filing the birth certificate presents documentation that the name was incorrectly recorded at the time of registration of the birth and meets the requirements of Section 8."); 901 KY. ADMIN. REGS. 5:070 Section 6 ("All other amendments to the birth certificate shall be supported by an affidavit or . . . a document . . . which supports the alleged facts."). Moreover, the movant has failed to show that a writ of mandamus filed in state court is not an available avenue of relief.

For the foregoing reasons, the instant action will be dismissed for lack of subject matter jurisdiction and, alternatively, for failure to demonstrate extraordinary circumstances warranting mandamus relief. The Court will enter a separate order of dismissal.

Date:

cc:     Movant, *pro se*
        Ky. Bureau of Vital Statistics, 275 E. Main St. 1EA, Frankfort, KY 40621
4411.005